FILED
2011 Feb-22  PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL FOMBY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:** |
| | ) |
| **NCO FINANCIAL SYSTEMS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | |

### <u>NOTICE OF REMOVAL</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, NCO Financial Systems, Inc. ("NCO"), which hereby removes from the Circuit Court of Jefferson County, State of Alabama the following described lawsuit, and respectfully states as follows:

1.      NCO is the only Defendant in a civil action filed by Plaintiff, Daniel Fomby, in the Circuit Court of Jefferson County, State of Alabama, captioned as *Daniel Fomby v. NCO Financial Systems, Inc.*, Case No. CV-2011-900131.00 (hereinafter the "State Court Action").

2.      Pursuant to 28 U.S.C. §§ 1441 and 1446, NCO removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

3.    The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

4.    Removal of the State Court Action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5.    NCO was served with summons and the State Court Action Complaint on January 20, 2011. This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by NCO and is therefore timely filed under 28 U.S.C. § 1446(b).

6.    A copy of all process, pleadings and orders served upon NCO in the State Court Action is being filed with this Notice and is attached hereto as Exhibit A.

WHEREFORE, NCO Financial Systems, Inc. removes the case styled *Daniel Fomby  v. NCO Financial Systems, Inc.*, Case No. CV-2011-900131.00, from the Circuit Court of Jefferson County, State of Alabama, on this 21st day of February, 2011.

Respectfully submitted,

/s/ Laura C. Nettles
Laura C. Nettles (ASB-5805-S63L)
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  205.967.8822
Facsimile:   205.967.2380
Email:  lnettles@lgwmlaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on **February 21, 2011**, a copy of the forgoing document was filed with the Clerk of the Court and served on all parties via email and hand delivery to the following counsel of record:

John G. Watts, Esq.
**WATTS LAW GROUP, PC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

M. Stan Herring, Esq.
**M. STAN HERRING, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

/s/ Laura C. Nettles
OF COUNSEL

# EXHIBIT

# A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-900131.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA

DANIEL FOMBY v. NCO FINANCIAL SYSTEMS, INC.

NOTICE TO    NCO FINANCIAL SYSTEMS, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON STREET #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DANIEL FOMBY
pursuant to the Alabama Rules of the Civil Procedure

| 1/15/2011 10:56:43 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____     _____

Date     Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>01/15/2011 |  |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### DANIEL FOMBY v. NCO FINANCIAL SYSTEMS, INC.

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
          ☐ Government ☐ Other                       ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FDCPA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
       Appeal/Enforcement of Agency Subpoena/Petition to
       Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory
       Judgment/Injunction Election Contest/Quiet Title/Sale For
       Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM         O ☐ OTHER
                             DISTRICT COURT

        R ☐ REMANDED         T ☐ TRANSFERRED FROM .
                                 OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056      1/15/2011 10:52:15 AM      /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided



ELECTRONICALLY FILED
1/15/2011 10:56 AM
CV-2011-900131.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **DANIEL FOMBY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| **NCO FINANCIAL SYSTEMS, INC.,** | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendant states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of

the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in

their illegal efforts to collect a consumer debt from Plaintiff.

2.      Congress found it necessary to pass the FDCPA due to rampant abusive practices by

dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and

declaration of purpose" and it states as follows:

(a)     There is **abundant evidence** of the use of abusive, deceptive, and unfair
        debt collection practices by many debt collectors. **Abusive debt collection
        practices contribute** to the number of personal bankruptcies, to marital
        instability, to the loss of jobs, and **to invasions of individual privacy.**

(b)     Existing laws and procedures for redressing these injuries are inadequate
        to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection
        practices are available for the effective collection of debts.**

(d)     Abusive debt collection practices are carried on to a substantial extent in
        interstate commerce and through means and instrumentalities of such
        commerce. Even where abusive debt collection practices are purely

intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3.  Plaintiff Daniel Fomby (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant NCO Financial Systems, Inc., ("Defendant" or "NCO") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is the State of Pennsylvania and it is incorporated in Pennsylvania.

5.  The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.  Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.  Defendant allegedly purchased or was assigned the debt and began harassing collection activities against Plaintiff.

8.  Defendant left a message that revealed that Defendant was a debt collector who was collecting an alleged consumer debt from Plaintiff.

9. The answering machine plays via speaker phone as the message is left and at least one third party overheard one or more of the messages as it was being left.

10. Plaintiff never gave consent or permission for Defendant to make a third party disclosure.

11. Plaintiff could not have prevented the third party from hearing the message.

12. Defendant has disclosed details to a third party in at least one phone call.

13. Plaintiff was shamed, embarrassed, humiliated, and otherwise damaged as set forth in this Complaint due to the third party disclosure of Plaintiff's personal private financial dealings.

14. This is one of the most egregious types of violation of the FDCPA – revealing to third parties the Defendant's attempt to collect the debt with full knowledge of the damage this type of invasion of privacy will cause.

15. The Defendant has harassed Plaintiff by the type and number of calls it has made.

16. This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

17. This was very distressing and upsetting to the Plaintiff.

### SUMMARY

18. The above-described collection communications made to a third party by Defendant and collection agents of Defendant was made in violation of numerous and multiple provisions of the FDCPA.

19. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

-3-

20.   The collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these calls.

21.   Defendant's contact with third parties was an invasion of Plaintiff's privacy and right to financial privacy.

22.   Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop contacting third parties was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

23.   Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff unnecessary distress.

24.   Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## RESPONDEAT SUPERIOR LIABILITY

25.   The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

26.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

28.  Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

29.  Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

30.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including but not limited to, violation of 15 U.S.C. §§ 1692b, 1692c (including (a)(1) and (b)), 1692d (including (5)), 1692e (including (2) and (10)) and 1692f.

32.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

-5-

## COUNT II.

## INVASION OF PRIVACY

33. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

36. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

37. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

38.   Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

39.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

40.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

41.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

42.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

43.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

44.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

45.  Defendant's collectors are allowed and encouraged to break the law in order to collect debts.

46.  Defendant is aware of the wrongful conduct of its collectors.

47.  Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

48.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

49.  Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

50.  Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

51.  It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiffs.

52.  Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

53.  Defendant invaded the privacy of Plaintiffs as set forth in Alabama law.

54.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

55. As a result of this conduct, action, and inaction of Defendant, Plaintiffs have suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

## INVASION OF PRIVACY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

NCO Financial Systems, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



ELECTRONICALLY FILED
1/15/2011 10:56 AM
CV-2011-900131.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DANIEL FOMBY,                          )
                                       )
      Plaintiff,                 )
                                       )
v.                                     )          Civil Action No.:
                                       )
NCO FINANCIAL SYSTEMS, INC.,           )
a Corporation,                         )
                                       )
      Defendant.                 )

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT NCO FINANCIAL SYSTEMS, INC.

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

- 1 -

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

- 2 -

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.     The date of the document;

b.     The type of document;

c.     The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.     The name of the employer or principal whom the signers, addressers and preparers were representing;

e.     The present location of the document;

f.     The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.     A summary of the contents of the document; and

h.     If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there

are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiffs request that Defendant(s) answer, under oath, the following interrogatories:

1. For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a. First, last, and middle legal name;

    b. All DBA, fake, or alias name(s) used by this person;

    c. Job title or capacity;

    d. Business address and telephone number;

    e. Home address and telephone number;

    f. Age;

2. Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3. Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a. First, last, and middle legal name;

    b. All DBAs, fake, or alias name(s) used by this person;

    c. Job title or capacity;

    d. Business address and telephone number;

    e. Home address and telephone number;

    f. Age;

    g. State the general substance of each person's knowledge.

4.   Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

    a.   The training content, timing, and duration;

    b.   All documents and audio or visual materials used in such training; and

    c.   Each person involved in providing such training.

5.   Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.   Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.   Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.   Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10.   Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.   Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.   In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.   Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

   a.   The name of the individual initiating communication;

   b.   The name of the person and/or description of the person to whom the communication was directed;

   c.   The date and time of the communication;

   d.   The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

   e.   A detailed description of the substance of the communication, (do not simply refer to collection notes);

   f.   Identification of all witnesses to or participants in the communication; and,

   g.   Any actions taken by any Defendant as a result of the communication.

14. Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

15. Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

16. Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of three (3) before the date of this request to the present.

17. Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption

(if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.  Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.  Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

    a.  Collection policies;

    b.  Collection procedures;

    c.  Collection methods;

    d.  Collection techniques;

    e.  Collection tactics;

    f.  Collection rules;

    g.  Collection regulations; and

    h.  Compliance with local, state, or federal laws, codes, or regulations.

3.  Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.  Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device,

or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6. Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7. Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8. Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9. Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

   a. Records of all inbound or outbound telephone calls, to or from any Plaintiff;

   b. Records of all inbound or outbound United States mail, to or from any Plaintiff.

c.      Records of all other inbound or outbound communication of whatever kind, to or

from any Plaintiff.

10.     Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise

created using any computer system, software package, software system, or other electronic

or non-electronic device used in any manner by Defendants to collect debts, which include

any Plaintiffs' name, address, telephone number(s), account number, or any other

information which is personally identifiable to any Plaintiff.

11.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations,

collector initials, or other non-obvious terms, words, or data contained in any of the

documents produced above.

12.     Exemplars of any and all orientation, new hire, or any other manual given to natural persons

employed by any Defendant to collect debts at the commencement of that person's

employment, for a period of five (5) years to the present.

13.     Exemplars of any and all documents of whatever kind given to natural persons employed by

any Defendant to collect debts at the commencement of that person's employment, for a

period of five (5) years to the present.

14.     Please produce a "key" or "legend" that explains any symbol, abbreviation or code that

appears on any document produced by the Defendant.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiffs demand that copies of the following be made available:**

1.    All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1.    The debt being collected is a consumer debt as defined by the FDCPA.

2.    You are a "debt collector" as defined by the FDCPA.

3.    You contacted a third party in connection with collecting the debt allegedly owed by Plaintiff to you.

4.    You revealed to a third party that Plaintiff allegedly owed you a debt.

5.    You left a message on Plaintiff's home phone.

6.    You knew that at the time you left a message for Plaintiff on Plaintiff's phone that some phones or answering machines play the message out loud as the message is being left.

7.    You knew a third-party could overhear the message as you were leaving it.

8.    As you were leaving the message, you knew if a third party overheard it, this would be very embarrassing to a normal consumer debtor.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
M. Stan Herring (HER037)
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**



ELECTRONICALLY FILED
1/15/2011 10:56 AM
CV-2011-900131.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| DANIEL FOMBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF NCO FINANCIAL SYSTEMS, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**  **Corporate Representative of NCO Financial Systems, Inc.**

**DATE:**  **April 5, 2011**

**TIME:**  **9:00 a.m.**

**PLACE:**  **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiff in the Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3.      The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.      The management, supervision, and discipline of all Defendant's and its collection employees;

5.      The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.      The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.      All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.      The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9.      The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.     The phone systems of Defendant and any monitoring and recording of telephone calls;

11.     The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12.     The long distance telephone provider used to make calls relating to the herein account;

13.     The factual basis for the Defendant's Answer;

14.     The factual basis for the Defendant's defenses contained in its Answer;

15.     The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16.    The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17.    All documents produced to Plaintiff by Defendant in the course of this case;

18.    The general nature of the Defendant's businesses;

19.    The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present;

20.    The use of auto dialers, predictive dialers, and/or pre-recorded messages against Plaintiff; and

21.    All collection efforts that in any way targeted or involved Plaintiff.

22.    Responses to discovery requests.

### DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.    All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring

**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLEASE SERVE WITH THE SUMMONS AND COMPLAINT



ELECTRONICALLY FILED
1/15/2011 10:56 AM
CV-2011-900131.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DANIEL FOMBY,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          Civil Action No.:
                                       )
NCO FINANCIAL SYSTEMS, INC.,           )
a Corporation,                         )
                                       )
            Defendant.                 )

### REQUEST FOR INSPECTION AT NCO FINANCIAL SYSTEMS, INC.

TO:    DEFENDANT NCO FINANCIAL SYSTEMS, INC.

**PLEASE TAKE NOTICE** that pursuant to the <u>Rules of Civil Procedure</u>, Plaintiff propounds the following:

### INSTRUCTIONS

If any objection is made to any of the following request, the Defendant NCO shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant NCO shall state the legal basis for the privilege Defendant NCO is invoking and provide a detailed privilege log to support the invocation of such privilege.

### REQUEST FOR INSPECTION PURSUANT TO RULE 34

Pursuant to Rule 34 of the <u>Rules of Civil Procedure</u>, Plaintiff requests that Defendant NCO provide access to its collection center, which upon information and belief is located at an address of 507 Prudential Road, Horsham, PA 19044 on **Monday, April 4, 2011 at 10:00 a.m., or some other mutually agreeable time,** to the locations or things described herein and permit Plaintiff and Plaintiff's attorneys to inspect:

1.   The work areas and work stations, and/or former work areas and work stations of the individual collectors who collected or attempted to collect Plaintiff's account;

2.   The collection management offices of the managers of the individual collectors identified above;

3.   The physical phone systems, computer systems, and other manual or electronic systems used to conduct collection activities within the premises occupied by the individual collectors in their capacity as collectors;

4.   The personal files of the individual collectors;

5.   A seating chart defining each work area within the Defendant NCO's collection premises located at the above address and an organizational chart indicating the various reporting relationships between and amongst collection staff and management of the Defendant NCO;

6.   Any and all recording equipment or call tracking equipment used or formally used by Defendant NCO and/or it's collectors in the course of the collection activities for Defendant NCO in this matter;

7.   Equipment, processes, or other electronic or manual methods whereby management and supervisory personnel employed by Defendant NCO listen in, intercept, record, or otherwise monitor any and all collection calls made by individual collectors at the address listed above; and

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

SERVE WITH SUMMONS AND COMPLAINT

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-900131.00 |
| --- | --- | --- |

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
DANIEL FOMBY v. NCO FINANCIAL SYSTEMS, INC.

NCO FINANCIAL SYSTEMS, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON STREET #605, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DANIEL FOMBY
pursuant to the Alabama Rules of the Civil Procedure

| 1/15/2011 10:56:43 AM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

01-CV-2011-900131.00
DANIEL FOMBY v. NCO FINANCIAL SYSTEMS, INC.

| C001 - DANIEL FOMBY | v. | D001 - NCO FINANCIAL SYSTEMS, INC. |
| --- | --- | --- |
| Plaintiff | | Defendant |

01-CV-2011-900131.00 D001

SERVICE RETURN



CERTIFIED MAIL

7009 1680 0001 9567 0610

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD.
BIRMINGHAM, ALABAMA 35203

$ 7.00

UNITED STATES POSTAGE
$ 07.00⁰
02 1A    JAN 19 2011
0004621147
MAILED FROM ZIP CODE 35203

To: NCO FINANCIAL SYSTEMS, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON STREET #605
MONTGOMERY, AL 36104